IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION |
| | : | |
| vs. | : | NO. 99-649-02 |
| | : | |
| KEVIN GRANSBY | : | |

ORDER AND MEMORANDUM

O R D E R

**AND NOW**, this 15th day of January, 2009, upon consideration of defendant's *Ex Parte* Special Motion to Modify/Reduce Financial Responsibility FBOP Participation to Exempt Temt Installment Schedule Upon Release Pursuant to 18 U.S.C. § 3624(e), § 3664(k), P.S. 5380.07, Attachment A (Document No. 66, filed November 10, 2008) and the Government's Response (Document No. 68, filed December 11, 2008), **IT IS ORDERED** as follows:

1. Defendant's *Ex Parte* Special Motion to Modify/Reduce Financial Responsibility FBOP Participation to Exempt Temt Installment Schedule Upon Release Pursuant to 18 U.S.C. § 3624(e), § 3664(k), P.S. 5380.07, Attachment A, is **DENIED**;

2. The entry of this Order is **WITHOUT PREJUDICE** to defendant's right to avail himself of the administrative remedies provided by the Bureau of Prisons with respect to the modification of his payment schedule under the Inmate Financial Responsibility Plan ("IFRP"), 28 C.F.R. § 545.11; and

3. In accordance with the IFRP, unless modified by the Bureau of Prisons during the administrative process, while incarcerated, defendant shall pay restitution of not less than twenty-five dollars ($25) per quarter if he does not work in a UNICOR job or if he is assigned to a UNICOR Grade 5 position. If defendant is assigned to a UNICOR Grade 1 through 4 position while incarcerated, he shall not pay less than fifty percent (50%) of his monthly wages toward his

restitution obligation.

**IT IS FURTHER ORDERED** that, excepting only as set forth above, the provisions of this Court's Judgment of September 8, 2000, relating to restitution and all other provisions of the Judgment dated September 8, 2000, **REMAIN IN EFFECT**.

## MEMORANDUM

I.   BACKGROUND

Defendant Kevin Gransby pled guilty to one count of conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371; one count of armed bank robbery, in violation of 18 U.S.C. § 2113(d); and one count of carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). On September 8, 2000, this Court sentenced defendant to a total of fifty (50) months imprisonment, three (3) years of supervised release, restitution to First Republic Bank in the amount of $12,800, and a $300 special assessment. The restitution order was joint and several with co-defendant Derrick Fagan.

The pending Motion pertains to defendant's restitution obligation. He has paid his special assessment and $3,645.16 in restitution. Co-defendant Fagan has paid a total of $225.00 in restitution. The current balance owed for restitution, exclusive of statutory interest, is $8,929.84.

The present Motion seeks relief from the payment of restitution while defendant is incarcerated. For the reasons explained below, the Court denies the Motion.

II.   DISCUSSION

Defendant claims that he does not receive sufficient earnings while incarcerated to pay restitution. By way of explanation, defendant reports the following: (1) his prison earnings are limited to telephone calls to his family and assistance with family needs; (2) he intends to forward

some portion of his prison earnings to his mother to cover medical expenses which have arisen due to her deteriorating health; (3) in exercising his post-conviction appellate rights, defendant expends approximately sixty-five dollars ($65) per month in stamps, envelopes, copying and various other expenses; (4) he needs approximately sixty-five dollars ($65) per month to pay for telephone calls to his mother, her doctors, and various family members; and (5) he needs fifty-seven to eighty-four dollars ($57 - $84) per month to pay for various personal care items. Def.'s Mot. at 2-3.

This Court's Judgment of September 8, 2000 mandates defendant's participation in the Inmate Financial Responsibility Plan ("IFRP"). The amount that an inmate generally is required to pay under the IFRP in satisfaction of his financial obligations depends on the work program in which the inmate participates. See 28 C.F.R. § 545.11(b).

The Bureau of Prisons records appended to the Government's Response to the Motion evidence the fact that defendant was accepted into the UNICOR work program by the Bureau of Prisons on November 1, 2008. For inmates in UNICOR Grades 1 through 4, the IFRP requires that they pay at least fifty percent (50%) of their monthly earnings in satisfaction of court-imposed financial obligations. 28 C.F.R. § 545.11(b)(2); United States v. Lemoine, 546 F.3d 1042, 1047 (9th Cir. 2008). For non-UNICOR and UNICOR Grade 5 inmates, the IFRP generally requires a minimum payment of twenty-five dollars ($25) per quarter in satisfaction of such obligation. 28 C.F.R. § 545.11(b)(1); Lemoine, 546 F.3d at 1047.

Congress has given the courts the power to modify restitution orders in certain circumstances once a conviction has become final. Specifically, under 18 U.S.C. § 3664(k), a district court may modify a restitution order based on a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k); see also United States v. Williams, No. 04-254, 2007 WL 1424663, at *2 (D. Minn.

May 10, 2007) (citing United States v. Vanhorn, 399 F.3d 884, 886 (8th Cir. 2005) (per curiam)).

Defendant's Motion alleges certain familial expenses and obligations but fails to demonstrate that he has experienced a material change in economic circumstances affecting his ability to make restitution payments. At most, defendant alleges that he receives limited earnings while incarcerated, and he would like to use those earnings for things other than payment of his restitution.

In an analogous case, United States v. Williams, 2008 WL 4449978, *1 (C.D. Ill. 2008), the defendant, like the defendant in this case, asked the court to reduce the amount of his earnings paid toward restitution or to suspend restitution payment during the period of his incarceration. The defendant in Williams argued that having fifty percent of his UNICOR earnings paid toward restitution left him "with an inadequate amount to sustain proper hygiene" and "hindered him from communicating with his two sons." The court in Williams rejected the defendant's arguments and held that defendant failed to demonstrate a material change in his economic circumstances. That decision of the Williams court was based on the fact that defendant's argument, like the argument in this case, was that he needed more of his prison earnings for things other than payment of his restitution obligation. The Williams court ruled that was insufficient to establish a material change in his financial resources and denied relief.

The Court agrees with the reasoning of the Williams court and adopts it. Defendant in this case has failed to establish a material change in his financial resources. His Motion is denied for that reason.

## III.  CONCLUSION

For all of the foregoing reasons, the *Ex Parte* Special Motion to Modify/Reduce Financial Responsibility FBOP Participation to Exempt Temt Installment Schedule Upon Release Pursuant

4

to 18 U.S.C. § 3624(e), § 3664(k), P.S. 5380.07, Attachment A, filed by defendant is denied. This determination does not foreclose any administrative remedies the defendant may wish to pursue with regard to the modification of his restitution payment schedule under the IFRP.

**BY THE COURT:**


                **/s/ Honorable Jan E. DuBois**
                   **JAN E. DUBOIS, J.**